MARY A. RILEY, ADMINISTRATRIX OF THE ESTATE OF
JESSE L. ALLEN, DECEASED,

*v.*

STATE OF ILLINOIS.

*Opinion filed September 28, 1906.*

NON-LIABILITY OF STATE—*Henke* v. *State ante followed.* The law
as announced in *Henke* v. *State, supra*, applies to this claim.

Wm. T. Wilson, for Claimant.
W. H. Stead, Attorney General, for State.

In this case Mary A. Riley, as administratrix of the
estate of Jesse L. Allen, deceased, files her claim for
damages for personal injuries received by the said
Jesse L. Allen, at the Illinois Central Hospital for the
Insane at Jacksonville, Illinois, from which injuries, it
is alleged, the said Allen died.

The statement in the case sets out that the said Allen
entered the employ of the Board of Trustees of the said
institution, as a cook, about February 1, 1905; that on
February 9th, he was ordered by the head cook of the
institution to run a certain elevator; that in attempt-
ing to run the said elevator, he became entangled in the
ropes of the elevator and as a result he was injured to
such an extent that death subsequently ensued.

No evidence was taken and filed in this case as re-
quired by the statutes, but the Attorney General, in-
stead of moving to strike the case from the files for
want of prosecution and failure to comply with the
statute and the rules of this Court, as he might have
done, has seen fit to enter a demurrer to the declara-
tion.

The ground of demurrer, namely, that the facts as
alleged in the declaration do not show any liability on
the part of the State, is well taken.

In the opinion in the case of *Henke* v. *State,* filed of
even date herewith, this question is discussed at length,
and the authorities extensively cited.

It is there held, as this Court has uniformly held since its inception as a Commission, and as the Courts of New York, Massachusetts and our own State, and the Federal Courts likewise, have held, that the State is not liable for the misfeasance, torts, wrongs, negligence or omissions of duty of its officers or agents, for it does not undertake to guarantee to any persons the fidelity of those it employs.

Demurrer in this case is therefore sustained and claim rejected.